[Civ. No. 43395. Second Dist., Div. One. Oct. 14, 1975.]

ARTHUR T. ALLEN, Plaintiff and Appellant, v.
JORDANOS' INC. et al., Defendants and Respondents.

**COUNSEL**

Ghitterman, Eskin, Schweitzer & Herreras, Ghitterman, Schweitzer & Herreras and William A. Herreras for Plaintiff and Appellant.

Tom Halde and Edward L. Lascher for Defendants and Respondents.

[Oct. 1975]

## OPINION

## HANSON, J.—

### INTRODUCTION

Our original opinion in the subject case affirming the judgment was filed on December 9, 1974. Appellant filed a petition for hearing in the California Supreme Court. On May 29, 1975, that court issued its decision in *Beaudreau* v. *Superior Court,* 14 Cal.3d 448 [121 Cal.Rptr. 585, 535 P.2d 713], and thereafter, under its order of July 9, 1975, retransferred the within matter to us for reconsideration in the light of *Beaudreau.* Our revised opinion follows:

### THE CASE

Arthur T. Allen, plaintiff-appellant herein, on February 20, 1973, filed a complaint for "breach of contract, etc." naming Jordanos' Inc., a California corporation, and others as defendants (respondents herein). The plaintiff filed a first amended complaint for breach of contract and defamation on March 9, 1973. On May 8, 1973, the defendants filed a demurrer and motion to strike those causes of action that dealt with defamation pursuant to section 830 of the Code of Civil Procedure.[1] This motion was granted by the court without prejudice.

The plaintiff thereafter filed other amended complaints. His fourth complaint for breach of contract, deleting the defamation cause of action, was filed on August 23, 1973. The defendants demurred and the trial court on September 24, 1973, granted the general demurrer without leave to amend on the ground that the complaint did not state a cause of action. The trial court then issued a judgment of dismissal after order sustaining the demurrer without leave to amend pursuant to Code of Civil Procedure section 581, subdivision 3.

Plaintiff appeals from the order striking the causes of action in the first amended complaint for failure to post a bond in a defamation action and the order sustaining the demurrer on the fourth amended complaint.

---

[1]Code of Civil Procedure, section 830 provides: "Before issuing the summons in an action for libel or slander, the clerk shall require a written undertaking on the part of the plaintiff. . . ."

Plaintiff sought an extraordinary writ in the Court of Appeal challenging the constitutionality of Code of Civil Procedure, section 830, the requirement of an undertaking in defamation actions. This court denied the writ (2d Civil No. 42273). A hearing was denied by the California Supreme Court on July 23, 1973.

## THE PLEADINGS

The amended complaints allege the following facts:

In 1972 plaintiff worked for the defendants in an undisclosed capacity. In 1972 the defendants had insufficient evidence to prove that plaintiff was guilty of theft and dishonesty within the course and scope of plaintiff's employment with defendants.

The plaintiff, as a member of Retail Clerks Union Local No. 899, was entitled to the benefits under a collective bargaining agreement to have a fair and impartial arbitration to determine the truth or falsity of the charges of theft and dishonesty. Plaintiff's agents, the Retail Clerks, negotiated with defendants on or about July 1, 1972, and an oral agreement was reached whereby defendants agreed to lay off plaintiff and allow plaintiff to obtain unemployment benefits and continue to receive union benefits. Defendants also agreed that they would not communicate to third persons, including prospective employers, that plaintiff was discharged or resigned for dishonesty, theft, a bad employment attitude and that the defendants would not state they would not rehire the plaintiff.

Plaintiff alleges that after July 1, 1972, defendants breached the oral agreement by communicating to numerous persons, including prospective employers and the Department of Human Resources Development, that plaintiff was dishonest and guilty of theft, and for that reason resigned for fear of being discharged for theft and dishonesty; that plaintiff had a bad attitude; and that defendants would not rehire plaintiff. As a result of the breach of the agreement, plaintiff alleged that he suffered temporary loss of unemployment benefits, loss of union pension benefits and loss of earnings.

## ISSUES

On appeal the plaintiff contends (1) that the posting of a bond in a defamation action (Code Civ. Proc., § 830) is a deprivation of property without due process of law and is an unconstitutional denial of equal protection; and (2) that the contract alleged was a legal, valid and binding contract sufficient to overcome a general demurrer.

## DISCUSSION

### I

Plaintiff's first contention has two aspects, namely (1) that the requirement of Code of Civil Procedure section 830 in effect deprives a plaintiff of property at least temporarily prior to a hearing and therefore violates the due process and equal protection clauses of the Constitution; and (2) that the statute does not apply when defamation causes are joined with a cause for breach of contract. As to the first aspect, the issue is resolved favorably to appellant, while the second aspect has been rendered moot.

The *Beaudreau* decision related to Government Code sections 947 and 951 which require the filing of an undertaking by plaintiff in an action against a public entity or public employee. The court concluded that statutes which fail to make express provision for a meaningful hearing prior to imposition of such an obligation are unconstitutionally violative of plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and California Constitution, article I, sections 7 and 15.

Code of Civil Procedure section 830, which is involved in the case at bench, imposes upon plaintiff a mandatory and unequivocal requirement of a $500 undertaking. The court has no discretion but "[a]n action brought without filing the required undertaking shall be dismissed."

██ Under the compulsion of the California Supreme Court's decision in *Beaudreau* we hold that Code of Civil Procedure section 830 is subsumed and rendered unconstitutional by the criteria enunciated in that decision.[2]

### II

Plaintiff's second contention is that there was a valid, enforceable oral contract between the parties. Plaintiff's fourth amended complaint, paragraph 8, states:

"Plaintiff alleges that the consideration for the agreement alleged in paragraph 6 was as follows: Plaintiff promised to (1) forbear to demand

---

[2]Counsel for respondents during oral argument on reconsideration conceded that he could find no rational basis to urge the nonapplicability of the *Beaudreau* criteria to the case at bench.

an 'impartial arbitration' to determine the truth or falsity of the charges of 'theft' and dishonesty, and (2) promised to accept a 'lay-off' rather than proceed to arbitration. In exchange for said plaintiff's promises, defendants, and each of them, promised to: (1) forbear to proceed to arbitration and prove plaintiff was guilty of 'theft' and 'dishonesty', (2) give the plaintiff a 'lay-off' in lieu of arbitration proceedings, (3) allow the plaintiff to obtain unemployment benefits, (4) they would not communicate to prospective employers, including third persons, that plaintiff was discharged or resigned for dishonesty, theft, a bad employment attitude and the defendants would not state that they would not rehire the plaintiff."

A substantial part of the alleged oral contract was that in consideration for plaintiff's promise, defendants would allow the plaintiff to obtain unemployment benefits. This was a substantial part of the contract in that by receiving unemployment benefits, plaintiff would receive income until he had obtained a new job.

Section 1256 of the Unemployment Insurance Code states in pertinent part: "An individual is disqualified for unemployment compensation benefits if the director finds that he left his most recent work voluntarily without good cause or that he has been discharged for misconduct connected with his most recent work."

Section 2107 of the Unemployment Insurance Code states: "It is a misdemeanor for any employing unit or any officer or agent of an employing unit or any individual to connive or conspire to aid such individual to obtain benefits to which he is not entitled by the wilful withholding of information or by the wilful failure to report any relevant information."

It is clear from a reading of the sections above that a substantial part of the contract was for the defendants to "allow the plaintiff to obtain unemployment benefits." It is readily seen that the reason that clause was allegedly placed in the oral agreement was to insure plaintiff against defendants' informing the Department of Human Resources Development of what *actually* occurred; that plaintiff left defendants' employ because of alleged theft and dishonesty; that he was not actually laid off; and that he may not have qualified for unemployment benefits if the Department of Human Resources Development was aware of all the facts and all of the negotiations that allegedly occurred between the union and the defendants.

Plaintiff was bargaining for an act that was illegal by definition—to withhold information from, or give false information to, the Department of Human Resources Development.

The nondisclosure was not a minor or indirect part of the contract, but a major and substantial consideration of the agreement. ■ A bargain which includes as part of its consideration nondisclosure of discreditable facts is illegal. (See *Brown* v. *Freese,* 28 Cal.App.2d 608, 618 [83 P.2d 82].) ■ It has long been the hornbook law that consideration which is void for illegality is no consideration at all. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) § 162, pp. 153-154.)

■ Plaintiff had five opportunities to correct his pleadings and failed to do so. Plaintiff nowhere states that he would plead his case in any other manner. Since the substantial part of the contract was illegal and void, there was no consideration. Without consideration a contract did not exist and the general demurrer was properly granted without leave to amend.

The judgment of dismissal is affirmed as to the action for breach of contract. The judgment of dismissal is reversed insofar as it relates to the defamation action, and the case is remanded for further proceedings consistent with this decision. Each party to bear his or its own costs on appeal.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied November 10, 1975, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1975.