[Civ. No. 45041. First Dist., Div. Three. Mar. 15, 1979.]

GENE RHODES, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
J. T. ANDERSON et al., Real Parties in Interest.

**COUNSEL**

O'Brien & Hallisey and Jeremiah F. Hallisey for Petitioner.

No appearance for Respondent.

William A. Jennings and A. Lee Sanders for Real Parties in Interest.

**OPINION**

**WHITE, P. J.**—Petitioner seeks a writ of mandate directing respondent superior court to order the plaintiffs in an action under the Political Reform Act of 1974 to post a bond in a reasonable amount to cover petitioner's costs as a party defendant therein.

We issued an alternative writ of mandate in order to consider and determine the constitutionality of the bond provision of Government Code section 91012.

The proceedings giving rise to the present controversy may be summarized. Petitioner, the Mayor of Fremont, is a defendant in an action brought by two private citizens to challenge petitioner's compliance with the requirements of the Political Reform Act for filing statements of economic interest. Petitioner's statement was due April 1, 1978. The lawsuit was originally filed to require petitioner to file his statement. He did so on June 5, 1978, and thereafter moved to dismiss the complaint as moot. Plaintiffs objected that his statement failed to satisfy statutory requirements. The trial court denied the motion to dismiss and on September 19, 1978, this court denied a writ petition by petitioner to overturn that trial court decision (1 Civ. 45040).

This petition challenges a later order of the trial court in which it denied petitioner's motion to require the plaintiffs to post a bond. The motion was heard August 24, 1978. The minutes of that hearing state that the motion was denied "on the authority of Beaudreau vs. Superior Court, 14 Cal. (3d) 448." This petition followed.

The Political Reform Act of 1974, in addition to providing for civil enforcement by the Fair Political Practices Commission, the city attorney, or the district attorney (Gov. Code, § 91001), specifically authorizes "Any person residing in the jurisdiction" (Gov. Code, § 91003, subd. (a)) to sue to enjoin violations or to compel compliance with the provisions of the act. "The court may in its discretion require any plaintiff other than the commission to file a complaint with the commission prior to seeking injunctive relief. The court may award to a plaintiff *or defendant who prevails his costs of litigation, including reasonable attorney's fees.*" (Gov. Code, § 91003, subd. (a), italics added.)

Section 91004 provides that "Any person who intentionally or negligently violates any of the reporting requirements of this act shall be liable in a civil action brought by the civil prosecutor or by a person residing within the jurisdiction for an amount not more than the amount or value not properly reported." Similar liability occurs where a covered person receives a gift or makes an expenditure in violation of the act (Gov. Code, § 91005). However, before filing a civil action pursuant to these sections, a private plaintiff "must first file with the civil prosecutor a written request for the civil prosecutor to commence the action." (Gov. Code, § 91007.)

Government Code section 91012 provides: "The court may award to a plaintiff or defendant other than an agency, who prevails in

any action authorized by this title his costs of litigation, including reasonable attorney's fees. On motion of any party, a court shall require a private plaintiff to post a bond in a reasonable amount at any stage of the litigation to guarantee payment of costs."

As we aforestated, the trial court refused a request made under this section "on the authority of Beaudreau v. Superior Court, 14 Cal. (3d) 448." In *Beaudreau,* the court addressed the validity of two other bond requirements in the Government Code. Section 947 provided that upon demand of the public entity, a plaintiff in an action against a public entity was required to post a bond of $100 ($200 if multiple plaintiffs), "or such greater sum as the court shall fix upon good cause shown," upon pain of dismissal. Section 951 contained similar provisions for a suit against a public employee defended by a public entity. The court ruled that the undertaking requirements of those sections constituted a taking of property without due process of law in violation of the federal and state Constitutions. (14 Cal.3d at p. 465.)

The *Beaudreau* court concluded that property was taken either by filing the bond or by dismissal of the lawsuit. Although noting that the statutes were enacted for the proper purpose of protecting public entities and employees against unmeritorious and frivolous litigation, it concluded that the statutes did not effectuate that purpose because they did not distinguish between the classes of plaintiffs on the basis of the merit of the actions brought by them.

The primary deficiency in the statutes in *Beaudreau* was that they did not provide for a hearing at which the court would inquire into "the merit of the plaintiff's action as well as into the reasonableness of the amount of the undertaking in the light of the defendant's probable expenses." (14 Cal.3d at p. 460.)[1] Additional defects noted by the court were that: "Absent proof of indigency, the court is given no discretion to dispense with the undertaking requirement if demanded by a qualifying defendant, regardless of the merit of the plaintiff's lawsuit. Furthermore, the legislation specifies no standards for determining the reasonable amount of such undertaking. If the defendant is satisfied to limit its demand to the statutory minimum, judicial approval is not required; if the defendant

[1]Though the statutes also failed to provide for the plaintiff to make a showing of indigency which would justify relief from the undertaking requirement, the prior decisions in *Conover* v. *Hall* (1974) 11 Cal.3d 842, 850-853 [114 Cal.Rptr. 642, 523 P.2d 682] and *County of Sutter* v. *Superior Court* (1966) 244 Cal.App.2d 770 [53 Cal.Rptr. 424], had remedied that deficiency by finding a common law created power to waive security for costs in the case of an indigent.

seeks a greater amount, he must show 'good cause.' Yet the statutes do not purport to define 'good cause' and do not provide that the plaintiff has a right to be heard on this matter. Thus any hearing which the plaintiff may receive on the issue of good cause necessarily 'excludes consideration of . . . element[s] essential to the decision . . . .' " (14 Cal.3d at p. 460.)

In reaching its decision, the *Beaudreau* court discussed the case of *Nork* v. *Superior Court* (1973) 33 Cal.App.3d 997 [109 Cal.Rptr. 428], in which the appellate court struck a requirement that the plaintiff claiming exemplary damages in a malpractice action post a bond. The statute there, Code of Civil Procedure section 1029.6, subdivision (e), provided that the defendant could move for an ex parte order and that upon the filing of the motion the court "shall require" the plaintiff to file a bond of at least $2,500 to secure costs and attorney's fees in the event the plaintiff failed to recover exemplary damages.

In *Allen* v. *Jordanos' Inc.* (1975) 52 Cal.App.3d 160 [125 Cal.Rptr. 31], the court followed *Beaudreau*, striking a requirement in Code of Civil Procedure section 830 that before issuing a summons in an action for libel or slander "the clerk shall require a written undertaking on the part of the plaintiff in the sum of five hundred dollars . . . ." The same result was reached by the Appellate Department of the Imperial County Superior Court in *Gonzales* v. *Fox* (1977) 68 Cal.App.3d Supp. 16 [137 Cal.Rptr. 312], where the issue was the validity of Code of Civil Procedure section 1030's requirement that a nonresident plaintiff post a bond not exceeding $300 upon demand by the defendant and post such further amount as might be ordered by the court upon proof that the original undertaking was insufficient.

Both the *Beaudreau* and *Nork* courts noted Corporations Code section 834 as an example of a statute providing a constitutional undertaking requirement. That section, since amended and renumbered section 800, provided that the defendant in a shareholder derivative action could move for the plaintiff to provide security on the ground either (1) that there was no reasonable possibility that prosecution of the action would benefit the corporation or its security holders or (2) that the moving party, if other than the corporation, did not participate in the transaction complained of. A hearing with written or oral evidence concerning the grounds for the motion and the reasonable expenses of the defendant was contemplated by the statute, with the court to set the amount of security, not to exceed $25,000 (Stats. 1967, ch. 1191, § 1, pp. 2902-2904) (present § 800 is substantially identical).

We view the bond provision of Government Code section 91012 as closer in construction to that in Corporations Code section 834 (now 800) than it is to any of the hereinabove discussed invalidated bond provisions. In each of those cases, the defendant could require a bond of a certain amount without any court hearing, and in all except *Allen* could obtain a larger undertaking in ex parte proceedings before the court. Here, as in Corporations Code section 834, no undertaking may be required without a hearing and there is no specified amount for the bond (aside from the $25,000 maximum in § 834, upped to $50,000 in § 800).

Real parties in interest argue that the infirmity with the section under review here is that it states that " 'a court shall require' " a bond and it suggests the amount of the bond by stating that the bond will be " 'in a reasonable amount . . . to guarantee payment of costs.' " It is true that this wording could be interpreted to restrict the trial court's discretion in considering whether the suit is meritorious, requiring it always to set the bond by reference to the amount reasonably needed to cover costs. ▇ However, it is well settled that "legislation should be construed, if reasonably possible, to preserve its constitutionality." (*Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 305 [138 Cal.Rptr. 53, 562 P.2d 1302].) ▇ In light of that principle we opine that a reasonable construction of section 91012 is that it provides for a hearing at which the trial court may make a determination, upon suitable presentation by the parties, of the probable merit of the lawsuit, and will set the amount of the undertaking to take into account both the reasonable costs to the defendant of the lawsuit and the probability that the lawsuit will be successful.[2] Interpreted in this manner the section provides procedural due process protection and insures that the requirement will be used only to discourage unmeritorious lawsuits, in accordance with its apparent purpose.

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying petitioner's request for a bond and to reconsider the motion in a manner consistent with the views expressed herein.

Feinberg, J., and Halvonik, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied May 10, 1979.

---

[2]This statement is not intended to exclude the possibility that under the principles set forth in *County of Sutter* v. *Superior Court, supra,* 244 Cal.App.2d 770, and reaffirmed in *Conover* v. *Hall, supra,* 11 Cal.3d 842, 850-853, the trial court might waive the bond requirement upon a showing of indigency. However, that issue is not before this court on the present petition.