**William R. RUSSELL, Appellant,**

v.

**William CUNNINGHAM, Appellee.**

**No. 14942.**

United States Court of Appeals
Ninth Circuit.

May 21, 1956.

---

Philip R. Lawrence, San Francisco, Cal., for appellant.

E. R. Crain, Agana, Guam; Thomas M. Jenkins, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and POPE and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from the denial of a motion for either a continuance or a dismissal without prejudice [1] and the entry of a dismissal with prejudice

1. Fed.Rules Civ.Proc. rule 41(a) (2), 28 U.S.C.A., provides: "[After service by the adverse party of an answer or of a motion for summary judgment, unless a

for failure to prosecute [2] by the District Court of Guam. Appellant contends that this action constituted a "gross abuse of discretion" warranting reversal,[3] that the rule of the District Court of Guam requiring a bond to secure costs from non-resident plaintiffs is void, and that the District Court could not award attorneys' fees as costs.

Appellant, a seaman employed by the Military Sea Transport Service (MSTS), lost an eye on Guam when he was on shore leave there. His complaint alleges that he was hit in the eye by appellee shattering his glasses. Most of the witnesses were seamen or officers of MSTS ships, and, like appellant, not residents of Guam. Appellant, who is married and has five children, has suffered a large loss of income as a result of the injury.

Actions have been filed both in Guam and California, putting appellee to the burden of preparing a defense in both places. The record indicates that appellee has had the financial burden of his attorneys' fees in both suits and the costs of several depositions.

The chronology leading up to the dismissal is as follows:

1954

April 26, Complaint filed in Guam alleging a battery and asking $163,000 damages.

May 15, Answer filed denying the battery and setting up the defense of self-defense.

May 22, Six depositions taken aboard appellant's ship then anchored in the Guam harbor.

June 4, Pre-trial order filed and case set for trial August 2, 1954. The order included a statement that appellant and his companion at the time the blow was struck would testify by deposition.

July 13, Stipulation that depositions of appellant and his companion might be taken in San Francisco.

July 30, Case continued for resetting for trial.

1955

March 11, Case set for trial April 18, 1955.

April 13, Appellant moved for a three- or four-month continuance, and filed an affidavit describing his financial problems and the difficulties in taking depositions of seamen who were scattered throughout the Pacific.

April 18, Case continued until May 3, 1955, by agreement of the parties.

April 19, Case continued until August 15, 1955, by order of the Court. The order stated: "The plaintiff will be expected to be present at that time to

stipulation of dismissal signed by all parties who have appeared in the action is filed,] * * * an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * *"

2. Fed.Rules Civ.Proc. 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal

under this subdivision * * * operates as an adjudication upon the merits."

A district court may dismiss for failure of prosecution on its own motion. See Carnegie National Bank v. City of Wolf Point, 9 Cir., 1940, 110 F.2d 569; Boling v. United States, 9 Cir., 231 F.2d 926; 5 Moore's Federal Practice, Par. 41.-11[2].

3. This court will not reverse the dismissal for lack of prosecution unless there has been a *gross* abuse of discretion. United States v. Pacific Fruit & Produce Co., 9 Cir., 1943, 138 F.2d 367.

testify in person or to testify by deposition, since this order assumes at the present time that further continuance will not be granted."

August 10, Appellant filed motion for continuance of trial or a dismissal without prejudice.

August 12, Appellant's motion denied.

August 15, The case was dismissed with prejudice for a failure of prosecution by the appellant.

The District Court found the following facts justifying its action: The case had been at issue for fifteen months, and two continuances had already been granted at appellant's request. The plaintiff was warned in the order of April 19, 1955 that "the order assumes at the present time that further continuances would not be granted." The court further stated that:

"In a cablegram dated August 9, 1955 * * * local counsel was advised that the plaintiff was in a hospital with an eye infection * * * However, it appears that the plaintiff has not been in the hospital recently but that he has been in a financial position to have additional depositions taken in connection with the pending case."

The Court pointed out that the depositions which had been filed favored the defendant, and concluded, inter alia, that:

"2. The plaintiff has been given every reasonable opportunity to present his case to this court, either in person or by deposition, and the court is convinced that the plaintiff has no bona fide intention to do more than harass the defendant.

"3. That the defendant has been put to great expense in connection with his defense and has been prepared at all times to appear in court and present his defense."

**I. The Sufficiency of the Evidence to Support the Findings of the District Court.**

Appellant challenges the sufficiency of the evidence to support the District Court's findings of fact. Both parties in their briefs seek to bring before this Court facts outside the record made below, but such an attempt to enlarge the record must be rejected. This Court cannot conclude that the District Court abused its discretion when the explanation for long delay and inaction was not before it. On the other hand, the review of the evidence has been somewhat limited by the District Court which granted appellant the right to appeal in forma pauperis but refused to authorize the cost of preparing the transcript of the hearings on the motions on the ground that "the original record is adequate to present the question raised."

Appellant contends that the long delay has not been his fault since appellee has refused to cooperate in the taking of depositions. He further states that the warning in the order of April 19, 1955 that further continuances would not be granted should be read in connection with his affidavit filed with his request for that continuance. At that time appellant based his belief that he could be in Guam in three to four months on the assumption that he would be continuously employed. He contends that he was not continuously employed and failed to make enough money to pay either the costs of depositions or passage to Guam for the trial. However, neither of these explanations is in the record.

The District Court's finding that appellant in bad faith had asserted that he was in the hospital when in fact he was not again is challenged by material outside the record. The District Court's finding was based on a letter from the master of appellant's MSTS ship stating that appellant had worked from May 16, 1955 to August 10, 1955, and was on sick leave only six hours on August 9th. The cablegram claiming appellant was in the

hospital was dated August 9, 1955. Appellant, *in his brief,* claims he went to the hospital on August 9th and was there when his attorney cabled Guam, and he returned to his ship which carried a Navy doctor on August 10th over the objections of his doctor because of his need for money: He contends that he did not have a chance to rebut the inference to be drawn from the letter since the hearing was set for 9:30 A.M. on August 15, 1955 and the letter was not received until after 1:05 P.M. However, there is no more in the record than the cablegram implying that appellant was hospitalized and the letter stating that this was not the case. There is nothing to show that the Guam counsel of appellant did not have full opportunity to rebut the implications of the letter from the MSTS master. *From the material in the record,* it cannot be said that the District Court's conclusion was "clearly erroneous." F.R.C.P. 52(a).

On the other hand, there is no evidence *in the record* to support the District Court's finding that appellant "has been in a financial position to have additional depositions taken" or that "plaintiff has no bona fide intention to do more than harass the defendant." Both of these conclusions apparently are based on the letter which indicated that the appellant had worked from May 16, 1955 to August 10, 1955. However, the appellant had worked only 59 days from April 11, 1954, the date of his injury, until May 16, 1955. He had a wife and five children who had been supported by San Francisco Welfare Authorities. He had been forced to borrow to put up a cost bond on appellee's demand since he was a non-resident of Guam. Assuming these findings are "clearly erroneous", we have the question whether there are other evidence-supported findings to warrant the dismissal.

The facts supported by the record are that the case had been pending for fifteen months with little action on the part of the appellant to bring it to trial, and two continuances had been granted. The appellant had claimed he was confined in a hospital and unable to attend a trial when he was not so confined. The defendant had been put to expense in preparing a defense.

II. The Lack of a Gross Abuse of Discretion in Dismissing the Case with Prejudice.

Appellant argues that on the facts supported by evidence in the record it was a "gross abuse of discretion" to deny a continuance or a dismissal without prejudice. However, most of the facts indicating that the action should not be so dismissed were not presented to the District Court. Undoubtedly judges must be careful not to penalize litigants who cannot swiftly proceed because of the very injury and its impairment of their finances which constitutes the basis of their claim. Here another dimension is added to the problem since the District Court is in Guam and a poor litigant is in San Francisco.

However, defendants should not be kept with lawsuits hanging over their heads for long periods of time as litigation expenses mount. The courts also have an obligation to other litigants to keep their calendars clear as was pointed out in Boling v. United States, 9 Cir., 231 F.2d 926, 927.

"One of the causes of congestion of the trial dockets is the failure of courts to exercise the authority vested in them thus to dispose of cases which are shaky or unfounded but which are held on the calendar for nuisance value. Since trial judges are hesitant to dismiss such causes of their own motion, for fear of injustice to some litigant, the device of placing cases in which no action has been taken for a considerable time on a docket for dismissal, absent a showing of adequate explanation for the delay, has been used. But even this palliative for the admitted evil has been of little avail, because of the innate hesitancy mentioned above. Because of this fact, an order of dismissal for failure to prosecute will never be set aside unless there has been an abuse of discretion, and, of course, such a situation is not presumed."

■ Here, all the record shows is a long delay, two continuances, and no sign that appellant was any nearer to trial in August of 1955 than he was in April of that year or in June of the previous year at the time of the pre-trial order. While the case involves nowhere near the abuses found in the typical situation where F.R.C.P. 41(b) is invoked,[4] it cannot be said that the District Court abused its discretion without resorting to contentions of fact not found in the record.

However, appellant is not entirely without the possibility of a remedy. Much of the material he sought to present to the Court outside of the record could be presented to the District Court of Guam to support a motion under F.R. C.P. 60(b) which provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) * * * not more than one year after the judgment, order or proceeding was entered or taken. * * *"

If all of the material in appellant's brief were before the trial court, it might come to a different conclusion.

III. The Costs Bond and Attorneys Fees.

■ Appellant contends that the requirement of the rules of the District Court of Guam that non-residents file a cost bond is "without basis in law and discriminatory." While no federal statute authorizes security for costs, the District Courts may make their own rules not inconsistent with the Federal Rules of Civil Procedure. F.R.C.P. 83. The Guam rule to assure collection of costs from non-residents who may be in the continental United States at the time of judgment is not inconsistent with the Federal Rules and seems a perfectly reasonable provision.[5]

■ Appellant further contends that counsel fees are not allowable as costs under Rule 54(d) and 28 U.S.C. § 1920. Appellee contends that they may be awarded as a matter of discretion on the part of the District Court. Assuming appellee's position to be correct, an award of such fees would not be warranted since there was no evidentiary support for the conclusion that appellant intended to harass appellee.

The judgment is affirmed except for any award of attorneys' fees as costs.

---

4. Cf. Carnegie National Bank v. City of Wolf Point, 9 Cir., 1940, 110 F.2d 569; Hicks v. Bekins Moving & Storage Co., 9 Cir., 1940, 115 F.2d 406; Peardon v. Chapman, 3 Cir., 1948, 169 F.2d 909.

5. See Fontenot v. Cabot Carbon Co., D.C. W.D.La.1948, 78 F.Supp. 659; Slusher v. Jones, D.C.E.D.Ky.1943, 3 F.R.D. 168; Cavicchi v. Mohawk Mfg. Co., D.C. S.D.N.Y.1939, 27 F.Supp. 981.