Argued and submitted March 23, reversed and remanded November 7, 1984, reconsideration denied February 15, petition for review allowed April 16, 1985 (299 Or 37)
See 299 Or 335, 702 P2d 414 (1985)

# JEFFERSON STATE BANK,
*Appellant,*

*v.*

# WELCH et al,
*Respondents.*

## (82-2505-J-3; CA A28600)

690 P2d 1107

Patrick G. Huycke, Medford, argued the cause for appellant. With him on the briefs was Robertson, Huycke & Michele, Medford.

Walter D. Nunley, Medford, argued the cause for respondent W.R. Welch, Sr. Richard B. Thierolf, Jr., Ashland, argued the cause for respondent William P. Juhl. With them on the brief was Jacobson, Jewett & Thierolf, Ashland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action against the individual partners of Welch Construction to recover the balance owing on a promissory note executed by W.R. Welch, Sr., allegedly on behalf of the partnership. On that theory, the liability of defendants is joint. ORS 68.270(2). Plaintiff obtained an order of default and a judgment against defendant W.R. Welch, Jr., for the full amount of the balance owed, with interest. That judgment did not purport to dispose of the claims against the other two defendants and did not determine that there was no just reason for delay and direct the entry of the judgment. *See* ORCP 67B. Notwithstanding those defects, plaintiff proceeded to levy execution on the judgment and collected an undisclosed amount from Welch, Jr.

The judgment was entered on October 18, 1982; on February 7, 1983, Welch, Jr., filed a petition in bankruptcy. The remaining partners moved for summary judgment on March 15, contending, *inter alia*,[1] that the judgment against Welch, Jr., barred plaintiff from pursuing them for the indebtedness. Plaintiff appeals from a judgment for those defendants entered after the trial court granted their motion. Because we conclude that the trial court erred in granting the motion, we reverse and remand.

Plaintiff contends that the motion for summary judgment was improperly granted, because ORCP 67E(2) expressly provides that a judgment against fewer than all joint obligors does not preclude a judgment in the same action against the remaining obligors. That rule provides:

> "In any action against parties jointly indebted upon a joint obligation, contract, or liability, judgment may be taken against less than all such parties and a default, dismissal, or judgment in favor of or against less than all of such parties in an action does not preclude a judgment in the same action in favor of or against the remaining parties."

Defendants contend that, insofar as that rule authorizes judgment to be taken against less than all parties who are jointly liable and does not preclude a judgment against the

---

[1] Defendants also contended that their business was a corporation, not a partnership. That issue was not decided by the trial court and was not urged in this court. We do not decide it.

other obligors, it abridges the substantive law governing joint liability, which applies to partners on a contract claim, ORS 68.270(2), and is invalid, because the Council on Court Procedures, in promulgating ORCP, did not have authority to "abridge, enlarge or modify the substantive rights of any litigant." ORS 1.735.

It is clear that Oregon has adopted the "all or none" rule with respect to the liability of joint obligors. As early as 1899, the court, in reversing a judgment against one of three joint obligors in *Thomas v. Barnes,* 34 Or 416, 420, 56 P 73 (1899), said:

> "It will be observed from the statement of the issues that this is an action upon a joint undertaking executed by the three defendants, and, therefore, that a recovery must be had against all or none, unless one or more of them has set up and maintained a defense personal to himself * * *."

The court remanded for a new trial.

In *Ryckman v. Manerud,* 68 Or 350, 136 P 826 (1913), the court stated:

> "It is clear from the authorities that where an obligation is joint and not several, and a creditor sues one of the joint debtors and obtains against him a judgment, the obligation sued on is merged in the judgment, and such judgment is a bar to a subsequent action or suit against any of the other joint debtors or to a subsequent action or suit against all of the joint debtors.
>
> "Where the debt is joint, the creditor must sue all the debtors, or those sued may demur to his complaint on the ground that there is a defect of parties defendant, if the defect appears on the face of the complaint, or, if it does not so appear, the defendant sued may plead in abatement such defect. But the defendants so sued may waive such defect of parties and permit judgment to be taken against them. A creditor, after obtaining a judgment against one of several joint debtors, cannot obtain a judgment on the same obligation against the other joint debtors, when the latter plead the judgment so obtained in bar." 68 Or at 365.

The same rule was applied in *Anderson v. Stayton State Bank,* 82 Or 357, 373, 159 P 1033 (1916), in which the court stated:

> "* * * A joint contract, * * * is with all the promisors together, with the result that all must be sued jointly if either

promisor objects to a suit or action brought against less than all; but if a judgment be obtained without objection against less than all who are jointly liable, the entire debt is merged in that judgment * * *."

The most recent case on the subject is *Wheatley v. Carl Halvorson, Inc.,* 213 Or 228, 323 P2d 49 (1958), where the plaintiff sued three corporations and two individuals, contending that his contract was with all of them as joint venturers for one project. After trial, a verdict was entered against only one of the defendants, and judgment was entered against that defendant alone. On appeal by that defendant, the judgment was reversed, because the plaintiff had relied solely on a contract with the defendants as joint venturers. After concluding that the evidence established conclusively that the defendants were joint venturers governed by the law of partnerships, under which their liability, if any, was joint, the court held that the entry of a judgment against only one was prejudicial error. In reaching its decision, the court noted that the general rule that recovery must be had against all or none of joint obligors is the law in Oregon. It also reviewed authorities from other states that follow that rule; those states have held that a dismissal or nonsuit as to one or more joint obligors operates as a discharge from liability of all. The court then stated that, *a fortiori,* a verdict favoring one or more partners must have the same result.

■ ■ Given those authorities at the time ORCP was promulgated, it is clear that the law in Oregon required an obligee seeking recovery on a joint obligation to join all joint obligors, but that requirement could be waived by the failure of any of the defendants to object timely to the defect of parties defendant. If the defect was waived and a judgment was entered against less than all of the joint obligors, the obligee could not obtain a judgment against any other joint obligor who raised the prior judgment as a bar in a subsequent action; the entire debt was merged in the first judgment. *See Ryckman v. Manerud, supra; Anderson v. Stayton State Bank, supra.* When all joint obligors were joined as defendants and a judgment was entered against less than all over whom the court had jurisdiction, in the absence of a defense personal to the one or ones against whom no judgment was entered, those against whom the judgment was entered were entitled to have the judgment reversed. *See Thomas v. Barnes, supra; Wheatley v. Carl Halvorson, Inc., supra.*

■ We do not understand ORCP 67E(2) to change those rules of substantive law, even if it could. The rule deals with an action where all or more than one of the joint obligors are named defendants. It simply provides that, from a procedural standpoint, a judgment taken against less than all parties who are joint obligors does not preclude a judgment *in the same action* against the remaining parties. That rule must be read in the context of ORCP 67B, which provides:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

■ Given the substantive law outlined above, it would have been plain error for the trial court to have purported to dispose of the claims against all of the joint obligor parties by entering a judgment against one of them. If the court did not purport to dispose of all the claims, it would also be plain error to make an express determination that there is no just reason for delay and direct entry of judgment against fewer than all parties jointly liable. *But see May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984). Unless both of those requirements are met,

> "* * * any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties * * *."
> ORCP 67B.

■■ It is clear that under that rule the judgment against Welch, Jr., was not a final judgment and did not terminate the action against any of the parties. It was and is subject to revision at any time before the entry of judgment adjudicating

all claims against all of the parties. Because the judgment against Welch, Jr., was not, did not purport to be and could not have been made a final judgment, it was error for the trial court to grant defendants' motion for summary judgment.

We have been advised since the case was submitted that the judgment against Welch, Jr., has been discharged in the bankruptcy proceedings and that, by virtue thereof, it has been satisfied by order of the circuit court. Documentation of those facts is not in the record and has not been submitted to us. Assuming that an order for discharge has been entered in bankruptcy, the automatic stay provided by 11 USC § 362 (*see* ORAP 12.25) affects only the continuation of the action against that debtor. 11 USC § 524(a). Those matters must be resolved on remand.

Reversed and remanded.