John TOWEY, Plaintiff,

v.

Thomas CATLING, Defendant.

Civ. No. 89–00554 DAE.

United States District Court,
D. Hawaii.

Aug. 10, 1990.

Teresa Tico, Lihue, Kauai, Hawaii, for plaintiff.

John Price, Honolulu, Hawaii, for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRE–JUDGMENT INTEREST AND COSTS AND ATTORNEYS' FEES

DAVID A. EZRA, District Judge.

Plaintiff John Towey ("Towey") seeks prejudgment interest, costs and attorneys' fees with respect to an amended judgment entered in Towey's favor in the above captioned matter on May 9, 1990. Towey contends that in accordance with Rule 26 of the Hawaii Arbitration Rules he is entitled to his costs and attorneys' fees (not to exceed $5,000.00). He also asserts he is entitled to prejudgment interest in the amount of 10% on the entire judgment from the time of his accident until the entry of judgment by this court.

The court has carefully considered the memoranda in support of and in opposition to plaintiff's motion as well as the records filed in this case. For the reasons set forth below, the court grants in part and denies in part plaintiff's motion for costs, attorneys' fees and prejudgment interest.

### BACKGROUND

On December 23, 1988, Towey filed a complaint against Catling in the Fifth Circuit Court of the State of Hawaii for injuries arising out of an automobile accident. The complaint alleged that on September 24, 1987, in the vicinity of Princeville, County of Kauai, State of Hawaii, defendant Catling negligently struck Towey with his car as plaintiff was riding a bicycle.

Pursuant to the Hawaii Court Annexed Arbitration Program, the Fifth Circuit Court assigned the action to an arbitrator on March 20, 1989. On June 29, 1989, the arbitration proceeded at which time Catling was permitted to cross-examine Towey. On July 6, 1989, the arbitrator awarded Towey $18,471.49 in special damages and $35,000.00 in general damages for a total of over $53,000.00

On July 18, 1989, defendant Catling removed Towey's complaint to this federal district court in light of the parties' diversity of citizenship and an amount in contro-

versy of greater than $50,000.00. Catling also filed a Notice of Appeal and Trial De Novo in the Fifth Circuit Court, State of Hawaii on July 20, 1989. Towey subsequently filed a motion to have the case remanded to state court.

On October 16, 1989, this court denied Towey's motion to remand the action to the Fifth Circuit Court of the State of Hawaii, and the action proceeded to a jury trial. After four trial days, on April 27, 1990, the jury returned a verdict for plaintiff Towey and against defendant Catling in the amount of $23,907.00 in special damages and $63,000.00 in general damages. The court reduced these amounts in accordance with the jury's finding that Towey was 25% negligent and that Catling was 75% negligent, and on May 9, 1990 entered an amended judgment in favor of Towey in the amount of $65,180.25, representing $17,930.25 in special damages and $47,-250.00 in general damages.

### A. Motion for Costs and Attorneys' Fees

Towey has moved for his costs and $5000.00 in attorneys' fees under Hawaii Arbitration Rules 25 and 26. Rule 25 provides as follows:

(A) The "Prevailing Party" in a trial de novo is the party who has (1) appealed and improved upon the arbitration award by 15% or more, or (2) has not appealed and the opposing party has appealed and failed to improve upon the arbitration award by 15% or more. For the purposes of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

(B) The "Prevailing Party" under these rules, as defined above, is deemed the prevailing party under any statute or rule of court, and as such is entitled to costs of trial and all other remedies as provided by law.

Rule 26 provides that the sanctions available to the court which in the court's discretion may be imposed against the non-prevailing party are as follows:

(1) Reasonable costs and fees (other than attorneys' fees) actually incurred by the party but not otherwise taxable under the law;

(2) Costs of Jurors;

(3) Attorneys' fees not to exceed $5,000.

As noted above, Towey was the prevailing party in the State Court Annexed Arbitration Program proceedings; the arbitrator awarded him a total of $53,471.49. In view of the $65,180.25 judgment entered in accordance with the jury's verdict, it is clear that defendant has failed to improve his position by 15% or more.

■ Whether this court may apply the rules of the Hawaii State Court Annexed Arbitration Program and award costs and attorneys' fees in a federal diversity jurisdiction action, however, is an important question of first impression within this district. Catling argues that the rules are purely procedural, and that to apply them to a federal diversity action would violate the principles enunciated in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In general, attorneys' fees in diversity cases are governed by the applicable state law, but the taxation of costs to the benefit of the prevailing party is governed by Federal Rule of Civil Procedure 54(d). *DeRoburt v. Gannett Co., Inc.,* 558 F.Supp. 1223, 1226 (D.Haw.1983). *See also Klopfenstein v. Pargeter,* 597 F.2d 150 (9th Cir.1979) (holding that the fact that state rule of court rather than state statute authorizes attorneys' fees does not preclude their award in diversity actions). When the award of costs, however, is an integral, substantive part of state policy, the court is bound to apply the state rule as long as it does not conflict with federal rules, statutes or policies. *In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d 1116, 1120–21 (9th Cir.1987).

In reviewing the purpose behind Hawaii Arbitration Rules 25 and 26, the court finds that these rules are substantive, not procedural. They clearly evidence a state policy to promote adherence to the results of arbitration by imposing liability upon those who choose a trial de novo on their action and who do not improve their arbitration

position by 15% or more. It would be fundamentally unjust to allow parties to remove actions which have been arbitrated within a state system of justice to federal courts and then escape the full extent of the arbitration rules simply as a result of that removal.

■ In this court's view, the state policy promoting arbitration does not conflict with any federal policy, rule or statute.[1] Accordingly, in accordance with Haw.Arb.R. 25 and 26, the court grants plaintiff $5,000.00 in attorneys' fees and his reasonable costs and fees.

■ The court determines that because this action does not involve exceptional circumstances, transportation and lodging costs for plaintiff and his counsel are not recoverable. *See DeRoburt v. Gannett Co., Inc.*, 558 F.Supp. at 1228.[2] The remaining costs appear reasonable and are taxed against the defendant in the amount of $4,811.83.

### B. *Motion for Prejudgment Interest*

Towey also moves for prejudgment interest in the amount of $16,838.23. This amount represents interest upon the general and special damages from the time of his injury until the date of the judgment entered in this action in the amount of 10% per annum.

Catling acknowledges that prejudgment interest may be awarded by this court in its discretion pursuant to Haw.Rev.Stat. § 478–1, but argues that the court should decline to award interest on the portion of the special damages that his no-fault insurer has already paid. He also asserts that because the verdict form did not distinguish between past and future medical expenses, the court should not award pre-

judgment interest on that undetermined portion of the special damages.

Towey argues that the only items the no-fault insurer paid were the medical bills which were not entered into evidence. He contends because the no-fault insurer failed to make timely payments to medical care providers on these bills, he suffered damage to his credit and harassment from collection agencies. He further asserts that defendant should be precluded from arguing that there is no way to separate past damages from future damages because defendant objected to the special verdict form which would have separated the past expenses from the future expenses.

■ Clearly it would · be improper for this court to award prejudgment interest on past special damages. *Columbia Brick Works, Inc. v. Royal Ins. Co.*, 768 F.2d 1066, 2068 (9th Cir.1985). The purpose of prejudgment interest is neither to punish the defendant nor to provide the plaintiff with a windfall. Rather, the purpose is to render the plaintiff whole. *West Virginia v. United States*, 479 U.S. 305, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987).

■ In order for this court to equitably impose prejudgment interest on the special damages portion, it must have more information. In view of the fact that this is plaintiff's motion and the evidence before the court is insufficient to render a decision, the court denies the motion with respect to the issue of prejudgment interest on the special damages, without prejudice to the plaintiff to raise the issue again with the submission of further information. It is this court's intention to award to plaintiff prejudgment interest on the amount of the special damages less those items which defendant's no-fault insurer has already paid. Accordingly, if plaintiff wishes to pursue this issue further, he must refile his

---

**1.** In denying Towey's motion to remand this action to state court, this court expressed its reluctance to abrogate the arbitrator's award, but found that Catling had nevertheless properly invoked federal diversity jurisdiction and was thus entitled to his day in federal court. This court ardently supports the arbitration of certain classes of cases as a means of reducing the ever-increasing costs of litigation, and concludes that federal policy also supports the promotion

of alternative dispute resolution wherever possible.

**2.** The affidavit of Towey's counsel in support of the request for costs also includes an entry entitled "jury panel." Because the court is uncertain as to what this entry relates, that cost is also discounted.

motion and include the necessary information to enable the court to render a decision.

 Defendant Catling also objects to the plaintiff's request for prejudgment interest on the general damages. Again Catling asserts that because the court cannot determine what portion of the general damages are past damages that it would be an abuse of this courts discretion to award prejudgment interest on any portion of the amount.

With respect to the issue of prejudgment interest on the general damages, defendant's argument is not as persuasive. If this court had been the finder of fact and concluded that the defendant was liable, it would have reduced the general damages expected over plaintiff's lifetime to a present value and awarded that amount to the plaintiff. That calculation, by necessity, would have required a computation of prejudgment interest for the entire amount of general damages from the time of the accident until the entry of judgment.

 The court believes that it is just as likely that the jury made a similar present value computation as it is that they simply added past and future damages together. In the former case, prejudgment interest would be warranted on the entire amount. In the latter case, prejudgment interest would be warranted only upon a portion of the general damages. In that the awarding of prejudgment interest represents the exercise of the court's equitable powers, *United States v. Imperial Food Imports,* 834 F.2d 1013, 1016 (Fed.Cir.1987), the court in balancing the equities finds that prejudgment interest in the amount of 10% per annum should be awarded on half of the general damages.[3] By this court's calculation, this amounts to $6,103.12.

## CONCLUSION

For the reasons and in the manner set forth above, the court grants in part and denies in part plaintiff's motion for pre-judgment interest, costs and attorneys' fees. Defendant is required to pay prejudgment interest in the amount of $6,103.12, and costs and attorneys' fees in the amount of $9,811.83.

IT IS SO ORDERED.

---

**3.** In diversity cases, state law governs the award of prejudgment interest. *United California Bank v. THC Financial Corp.,* 557 F.2d 1351 (9th Cir.1977). Accordingly, the interest rate this court must apply is ten percent per annum. Haw.Rev.Stat. § 478-2.