Opinion
WORK, P. J.
Appellants are nine of twenty-two plaintiffs who joined in a single municipal court action wherein each claimed damages against respondent, County of Imperial, and others, for personal injuries allegedly incurred as a result of an unlawful physical attack.
Respondents demanded these appellants post security pursuant to the provisions of section 1030 Code of Civil Procedure on the ground that each is a nonresident. Appellants did not post security and respondents’ motion to dismiss for such failure was granted over objection.
Appellants challenge dismissal on the ground that section 1030 is unconstitutional for two (2) reasons:
*Supp. 18 I. That the section permits a summary taking of their property without due process, because:
a. It does not afford a meaningful hearing prior to the taking, and,
b. It creates a conclusive presumption that claims by a nonresident plaintiff are without merit, and,
II. That the section denies them equal protection since it creates an arbitrary and irrational classification between resident and nonresident plaintiffs.
We are not cited to any clear expression of the legislative intent for the enactment of section 1030 Code of Civil Procedure. However, the intent for enacting similar legislation has been declared to be to prevent the filing of frivolous lawsuits. (Beaudreau v. Superior Court, 14 Cal.3d 448 [121 Cal.Rptr. 585, 535 P.2d 713], and cases cited therein.)
It is reasonable to assume that this is the reason for the existence of the security statute which we now consider. While this is a commendable motive, it is clear by looking at the present action that a blanket imposition of security requirements on nonresidents in every case is not meaningfully directed toward that end.
First, the dismissal still leaves 13 plaintiffs in the initial action, whose claims are not shown to be any more or less meritorious than the 9 who suffered the dismissal.
Second, respondents had previously moved for summaiy judgment in the lower court in a test as to whether or not the claims were frivolous. The lower court denied summary judgment and thereby impliedly determined that the claims were not frivolous.
In Beaudreau, supra, the California Supreme Court sets forth the minimum due process safeguards which a statute of this type must afford. Specifically, the section must provide a meaningful pretaking hearing which will allow an inquiiy into:
1. The validity of the claim.
2. The reasonableness of the amount of the bond to be posted, and, inferentially, the reasonableness of not requiring any bond.
*Supp. 19 3. The ability of a person to furnish a bond.
Section 1030 Code of Civil Procedure affords none of these protections.
Beaudreau, supra, clearly establishes that the posting of a security for the benefit of another, of the kind demanded by respondents, is a “taking” for which procedural due process requires prior procedural safeguards. None are afforded to appellants or other nonresidents claimants by section 1030 Code of Civil Procedure.
We hold that section 1030 Code of Civil Procedure is unconstitutional in that it lacks the procedural due process elements above mentioned. Since we reverse on this ground, we do not reach appellants’ further contention in regard to equal protection.
The order of dismissal is reversed and the cause remanded to the trial court for reinstatement of appellants’ causes of action.
Kirk, J., and Wien, J., concurred.