[No. B007549. Second Dist., Div. Five. Feb. 20, 1985.]

WALTER SHANNON, Plaintiff and Appellant, v.
SIMS SERVICE CENTER, INC., Defendant and Respondent.

908

COUNSEL

Hall, Espinosa & Norkin and Joseph E. Hall for Plaintiff and Appellant.

Roper & Folino and John B. Larson for Defendant and Respondent.

OPINION

**EAGLESON, J.**—Appellant appeals from an order dismissing his action. As a nonresident plaintiff, he had been ordered to post a $1,000 undertaking pursuant to Code of Civil Procedure section 1030, subdivision (a). He did not do so within the 13 days ordered for compliance, and pursuant to section 1030, subdivision (d) the master calendar judge dismissed the action.

Against contentions to the contrary, we conclude that Code of Civil Procedure section 1030, subdivisions (a) and (b) provide constitutional due process protection and that the trial court had the jurisdiction to reduce the time for compliance with the order for undertaking from 30 to 13 days pursuant to Code of Civil Procedure section 1030, subdivision (d).

FACTS

On August 20, 1979, appellant (plaintiff) filed a complaint for personal injuries against respondent (defendant) who was served and answered. The

matter was later ordered into mandatory arbitration and after a full hearing the arbitrator found for the respondent.

Following the filing of a request for trial de novo by appellant, a formal trial setting conference was held on March 1, 1984, and a trial date of June 20, 1984 obtained.

On May 17, 1984, respondent filed a notice of motion and motion for order to require an undertaking for costs pursuant to Code of Civil Procedure section 1030, subdivision (a). In support of its motion, respondent's counsel filed a declaration asserting that appellant then resided in Oklahoma and had been an Oklahoma resident since March 1983. This assertion was predicated solely upon answers to interrogatories signed by appellant in October 1983.

Appellant's counsel filed a memorandum in opposition of (*sic*) the motion to require an undertaking for costs and attached thereto his declaration stating in part as follows:

"Further, the declarant believes that the defendants intend to vex, annoy and harrass this plaintiff who came all the way from Oklahoma for his arbitration procedure on a bus and if he were required to post such an undertaking he would have to seek relief as a pauper and this would impose a burden on the County of Los Angeles . . . ." Also, ". . . Mr. Shannon [plaintiff] *was* a resident of California when he was injured and a taxpayer of California." (Italics added.) The appellant himself never denied that he was a resident of Oklahoma. On June 7, 1984, the motion came on for hearing before a civil law and discovery judge.[1] Both parties were present by their respective counsel. Following oral argument, and consideration of the documentary evidence, the civil law and discovery judge granted the motion and ordered that appellant furnish an undertaking in the amount of $1,000 pursuant to Code of Civil Procedure section 1030[2] which was to be posted on June 20 by 9 a.m., the date and time set for trial. Notice of ruling was mailed by respondent to appellant June 7, 1984, and the original notice filed with the court clerk June 8.

---

[1] In this jurisdiction, these motions are heard by a judge assigned to hear all pretrial civil law and discovery matters. Actual trials are conducted elsewhere.

[2] The declaration of respondent's attorney Larson identified trial costs of $239, deposition costs of $207.70, jury costs of $137, estimated expert fees of $2,000, and other items. Code of Civil Procedure section 1141.21, subdivision (a) provides that if a judgment upon a trial de novo is not more favorable for the party electing same, that party must pay certain types of costs. These costs include those specified in sections 1032.5, 1032, subdivision (a), and 1032, subdivision (b), generally referred to as traditional type court costs, and ". . . the reasonable costs of the services of expert witnesses . . . actually incurred or reasonably necessary in the preparation or trial of the case." (Code Civ. Proc., § 1141.21, subd. (a)(iii).)

On June 14, 1984, appellant filed an application for an ex parte order shortening the time for hearing of a motion for reconsideration by the civil law and discovery judge who ruled on the original motion. This ex parte request was denied.[3]

On the date set for trial, respondent appeared in the master calendar department and answered "Ready" for trial. At that time appellant had not filed the undertaking as previously ordered by the civil law and discovery judge. Consequently, respondent moved the trial court for a dismissal pursuant to Code of Civil Procedure section 1030, subdivision (d) because of this failure. The master calendar judge granted the motion and dismissed the action. This appeal follows.

## DISCUSSION

Appellant's first contention is that the declaration of respondent in support of its motion for an undertaking did not afford sufficient evidence upon which the trial court could base its implied finding that appellant was in fact a resident of Oklahoma. ". . . where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; . . . we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom." (Italics in original.) (*Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370 [210 P.2d 757], disapproved on other grounds by *Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839].)

The only evidence here that came to bear on the issue of residence were appellant's sworn answers to written interrogatories propounded by respondent wherein appellant admitted he was an Oklahoma resident. Furthermore, appellant never caused his declaration or affidavit to be filed in any way explaining or controverting these sworn answers. His contention is without merit.

Appellant next asserts that Code of Civil Procedure section 1030 is unconstitutional "by discriminating against citizens of various states" or that it was "unconstitutionally" applied in this case.

---

[3]The proposed reconsideration documents, particularly the declaration of Janice L. Lewis, stated no ". . . different state of facts" as contemplated by Code of Civil Procedure section 1008. What she said was: "It is the opinion of the declarant that the court erred in granting said motion and the plaintiff desires to move the court for reconsideration . . . as a prerequisite to filing a petition for extraordinary relief . . . in the appellate court."

In *Gonzales* v. *Fox* (1977) 68 Cal.App.3d Supp. 16 [137 Cal.Rptr. 312], the Appellate Department of the Superior Court of Imperial County held Code of Civil Procedure section 1030 unconstitutional on the grounds that the section then in existence did not provide certain procedural due process elements.

*Gonzales* predicated its holding on the Supreme Court ruling in *Beaudreau* v. *Superior Court* (1975) 14 Cal.3d 448 [121 Cal.Rptr. 585, 535 P.2d 713]. There, the court declared sections 947 and 951 of the Government Code unconstitutional in that they violated the Fifth and Fourteenth Amendments to the United States Constitution and article I, sections 7 and 15 of the California Constitution. Both sections required a plaintiff who sued a public entity, or public employee, to post an undertaking in a specific amount as security for allowable costs which might be recovered against the plaintiff. The undertaking could be demanded by a defendant without prior court order in every case without any consideration of the merits of the plaintiff's cause of action. The Supreme Court found that the posting of such an undertaking was a "taking" of property in the form of a lost premium payment if a corporate undertaking was used or the loss of use of money if cash was deposited. Both sections also provided for involuntary dismissal of an action for failure to timely file the undertaking, which the court likewise found to be a form of "taking." These "takings" were deemed to be without due process.

The Supreme Court continued at page 460: ". . . we . . . conclude that sections 947 and 951 cannot withstand constitutional attack. Under the fundamental notions of due process heretofore discussed, the taking to which a plaintiff is subjected under the above statutes must be preceded by a hearing in the particular case in order to determine whether the statutory purpose is promoted by the imposition of the undertaking requirement. As these statutes are purportedly designed to protect public entities and public employees against the cost of defending frivolous lawsuits, a due process hearing would necessarily inquire into the merit of the plaintiff's action as well as into the reasonableness of the amount of the undertaking in the light of the defendant's probable expenses."

Against this backdrop, the *Gonzales* court stated at page 18 (68 Cal.App.3d Supp.): "In *Beaudreau, supra,* the California Supreme Court sets forth the minimum due process safeguards which a statute of this type must afford. Specifically, the section must provide a meaningful pretaking hearing which will allow an inquiry into: [¶] 1. The validity of the claim. [¶] 2. The reasonableness of the amount of the bond to be posted, and, inferentially, the reasonableness of not requiring any bond. [¶] 3. The ability of a person to furnish a bond."

Pursuant to a Law Revision Commission recommendation, Code of Civil Procedure section 1030 was thereafter entirely rewritten and reenacted in 1980 to rectify the noted constitutional infirmities. It was under this revised section that respondent brought its motion. The reason for the statute in the first instance is articulated in the 1978 California Law Revision Commission Reports, Recommendations and Studies, volume 14, page 323, "The statute requiring a nonresident plaintiff to file a cost bond is intended to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction."

As applicable, the new section provides: "When the plaintiff in an action . . . resides out of the state, . . . the defendant may *at any time* apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action . . . ." (Italics added.) (Code Civ. Proc., § 1030, subd. (a).) Section 1030, subdivision (b) as pertinent reads: "The motion shall be made on the grounds that the plaintiff resides out of the state . . . and that there is a reasonable possibility that the moving defendant will obtain judgment in the action . . . . The motion shall be accompanied by an affidavit in support of the grounds for the motion and by a memorandum of points and authorities. The affidavit shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action . . . ."

Appellant specifically argues that Code of Civil Procedure section 1030 as newly enacted is unconstitutional in that it lacks procedural due process because there is no provision for a meaningful hearing which would allow inquiry into the validity of the claim, the reasonableness of the amount of the bond to be posted, and inferentially the reasonableness of not requiring any bond and the ability of a person to furnish bond. He continues that the civil law and discovery judge held no hearing at all, how he arrived at the figure of $1,000 is obscure, and that the ability of the appellant to pay or an opportunity "to obtain a pauper's oath" was given no consideration. He adds that the court was not legally entitled to look at any arbitration award and is still not in a position to look at an arbitration award, but that it unlawfully did so. All of these contentions lack merit.

First of all, the statutory hearing procedure is the one usually prescribed for pretrial motions, that is, the opportunity to present declarations and other documentary evidence, the opportunity for both counsel to be present, and the opportunity to be heard. Evidence was presented, and counsel were present and heard in this case.

The court ordered an undertaking of $1,000, which was substantially less than the uncontradicted evidence found in the moving party's declarations

that anticipated costs in excess of $2,500 would be recoverable by the defendant if plaintiff, upon the trial de novo, did not obtain a judgment more favorable than the arbitrator's award.

Finally, respondent carried its burden of proof of showing, by declaration, a reasonable possibility of prevailing by proper reference to the results of the earlier arbitration hearing. Appellant argues that the court was not legally entitled to look at any arbitration award and is still not in a position to look at an arbitration award. However, "reference to the arbitration proceedings or arbitration award during any subsequent trial," which is prohibited by Code of Civil Procedure section 1141.25, does not preclude reference to these proceedings or the award during *pretrial* matters. Recognizing that it is impossible to predict in advance the outcome of a trial by jury, respondent, however, presented the best evidence available to divine the possible outcome of the trial de novo, which is all that section 1030, subdivision (a) of the Code of Civil Procedure requires.

The subject of the appellant's ability to furnish an undertaking, the third prong of the *Gonzales* holding, is a point that appellant does not develop except by rhetoric. We do not have a reporter's transcript on appeal so we do not know what proceedings, if any, were conducted by the trial court with respect to this issue. There are no facts asserted in the record before us that appellant did or did not have the ability to post an undertaking. We hold that it is appellant's burden to prove inability to furnish an undertaking and he has not done so. However, the opportunity to present evidence on this point was afforded which satisfies the due process requirement in *Gonzales*.

We hold that Code of Civil Procedure section 1030, subdivisions (a) and (b) are constitutional and do not violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and article I, sections 7 and 15 of the California Constitution. We also hold that these statute sections were not unconstitionally applied to applicant.

■ Appellant lastly contends that the trial court arbitrarily dismissed the case because the court order granting the motion for an undertaking allowed only 13 days in which to comply instead of 30. In short, he argues that the 30-day compliance period is jurisdictional.

The order requiring an undertaking was made June 7, 1984, with all counsel present.[4] Notice of ruling was mailed the same day. The compliance

---

[4]Actually appellant was put on notice that he might be ordered to post an undertaking on or about May 16, 1984, the date that respondent mailed appellant a copy of the motion for order requiring an undertaking.

date was June 20, 1984 at 9 a.m., and was obviously made so as to coincide with the trial date in time for the civil master calendar call at 9 a.m. on June 20.[5]

Code of Civil Procedure section 1030, subdivision (d) decrees that "The plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court." There is no statutory prohibition against the court shortening the time for compliance on a showing of good cause, as was the case here.

The statute does not say that the plaintiff shall have 30 days in which to file an undertaking, or contain words of similar import that would trigger the notion that the 30-day period was mandatory in the jurisdictional sense.

Compare, for example, Code of Civil Procedure section 583.250 enacted in 1984. This section is part of article 2 and concerns itself with the service and return of summons. In specifying that the procedures and time constraints contained therein are jurisdictional, Code of Civil Procedure section 583.250, subdivision (b) reads: "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Prior Code of Civil Procedure section 581a, subdivision (f), repealed by Statutes 1984, chapter 1705, section 3, which concerned itself with dismissals, read: "Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional." It is clear that the Legislature has the linguistic capability, properly exercised in Code of Civil Procedure section 583.250 and its predecessor Code of Civil Procedure section 581a, subdivision (f), to unequivocally place jurisdictional parameters on the exercise of judicial discretion. None is found in Code of Civil Procedure section 1030, subdivision (d).

Code of Civil Procedure section 1030, subdivision (a) allows a defendant to notice a motion for an order requiring an undertaking "*at any time.*" (Italics added.) Because a plaintiff may become an out-of-state resident "*at any time*" (italics added) up to and including the eve of trial, it would work an absurdity to restrict the court's exercise of discretion on a showing of good cause, and to entertain only those motions noticed for hearing suffi-

---

[5]The case was filed August 20, 1979. The five-year statute (Code Civ. Proc., § 583, subd. (b)) expired August 20, 1984. Thus, the case was set for trial 60 days before the statute ran so as to permit the master calendar judge a reasonable time to find a courtroom. No contention is made that earlier arbitration proceedings tolled the five-year statute for any period of time.

ciently before a trial date so as to permit the lapse of at least 30 days between the service of notice of the court's order (absent a waiver thereof) and the compliance date. The concept of the firm trial date, the cardinal goal of any efficient civil master calendar program, would be seriously eroded by such an inflexible interpretation and is unnecessary to protect the rights of all parties.

Code of Civil Procedure section 1005 provides that a written notice of a motion shall be given at least 15 days prior to a hearing date. This section also authorizes that "the court . . . may prescribe a shorter time." The major purpose of any notice provision is to prevent prejudice by allowing a respondent adequate time for preparation. By parity of reasoning, a reasonable time should be allowed for compliance with any court order so as to preclude prejudice.

We hold that the 30-day provision of Code of Civil Procedure section 1030, subdivision (d) is directory, not mandatory, and does not divest the court of jurisdiction, on a good cause showing, to exercise its discretion to reduce the time for compliance.

Appellant's general claim that he was prejudiced by the order cannot be supported. There is no evidence in the record that he intended to post the $1,000 undertaking; nor is there evidence to suggest that appellant was impecunious and that he intended to file a forma pauperis application to be relieved of the undertaking; nor is there evidence that he requested a brief continuance so as to be able to comply with the order or obtain a forma pauperis exemption.[6]

Rather, the essential position of the plaintiff was, in his reconsideration documents, and is here, that the trial court simply had no jurisdiction to reduce the 30-day compliance provision to a lesser number of days. Under the facts of this case, the 13 days' actual notice for compliance was reasonable and the trial court did not abuse its discretion in making this order.

Appellant raises other minor points which are found to be without merit and we do not discuss them further.

---

[6]All we have are *counsel's* arguments respecting appellant's possible need to seek forma pauperis status and that he did not have time to file for same, but no *facts* advanced to support the contention.

Appellant is also ambivalent on this point. In his opening brief at page 5, counsel states: "There was no time provided for a pauper's oath and insufficient time to permit the appellant to post the undertaking."

The record does not reflect whether appellant was personally present in court on the trial date. The posting of an undertaking or filing of a forma pauperis petition, if either was intended, could have been completed on the trial date.

## DISPOSITION

The order of dismissal is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 17, 1985.