[No. B157220. Second Dist., Div. Four. Dec. 13, 2002.]

RUBY YAO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BRIAN LOVELL, Real Party in Interest.

---

**COUNSEL**

Jon H. Freis for Petitioner.

No appearance for Respondent.

Mancini & Associates, Marcus A. Mancini and Christopher Barnes for Real Party in Interest.

---

**OPINION**

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

"Code of Civil Procedure section 1030 provides that upon a defendant's motion, the trial court is required to order an out-of-state plaintiff to file an undertaking to secure recoverable costs and attorney's fees if the defendant shows a reasonable possibility that it will obtain judgment in the action." (*Baltayan v. Estate of Getemyan* (2001) 90 Cal.App.4th 1427, 1430 [110 Cal.Rptr.2d 72].) If the undertaking is not posted, the action "shall be dismissed as to the defendant in whose favor the order requiring the undertaking was made." (§ 1030, subd. (d).)[1] This mandate proceeding raises a question of first impression. Can section 1030 be applied to require an out-of-state defendant who has filed a cross-complaint against a California resident to post an undertaking in order to continue prosecution of the cross-complaint? We conclude it does not so apply.

### FACTUAL AND PROCEDURAL BACKGROUND

Brian Lovell sued Ruby Yao on a variety of causes of action. The operative facts involve an agreement between the two to form a production company and develop a film project and the breach(es) of that agreement.

---

[1] All statutory references are to the Code of Civil Procedure.

Yao filed a cross-complaint against Lovell. The cross-complaint included six causes of action arising out of the same factual matrix alleged in Lovell's complaint.

Citing section 1030, Lovell filed a motion for an order requiring Yao to post security in order to continue to prosecute her cross-complaint. Lovell offered evidence Yao was not a California resident but instead a citizen of Hong Kong residing in Canada.

Yao's opposition to the motion for security did not contest that she was not a California resident. Instead, she contended section 1030's requirement of posting a bond did not embrace a "cross-complainant" but instead applied only to a "plaintiff."

The trial court rejected Yao's analysis. At the hearing on the motion, the court stated: "[I]t's just so basic. . . . When you've got a complaint and a cross-complaint, each one is a separate lawsuit. So when cross-actions are filed, they constitute two simultaneous, separate actions between the same parties, wherein each party is, at the same time, both a plaintiff and a defendant. It goes back a long time. So that was an easy one." The court granted Lovell's motion for security and required Yao to post $10,000 security within 20 days of its order (Mar. 14, 2002).

Yao filed a petition for a writ of mandate to overturn the trial court's order. We stayed the trial court's order requiring Yao to post security and later, after receiving preliminary opposition to Yao's petition and copies of the court's minute order and the reporter's transcript of the hearing held on the motion, issued an alternative writ of mandate.[2] Lovell has since filed an "opposition" to Yao's petition. We now grant the requested relief.

[2]Lovell's contention the remedy at law is adequate is meritless. For one thing, subdivision (g) of section 1030 provides: "An order granting or denying a motion for an undertaking under this section is not appealable." The Law Revision Commission comment explains this provision "codifies existing law. See Horton v. City of Beverly Hills, 261 Cal.App.2d 306, 67 Cal.Rptr. 759 (1968). An order granting or denying a motion for an undertaking may sometimes be reviewed by extraordinary writ. See Beaudreau v. Superior Court, 14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585 (1975). A judgment of dismissal following the plaintiff's failure to furnish required security is appealable as a final judgment. Efron v. Kalmanovitz, 185 Cal.App.2d 149, 156-57, 8 Cal.Rptr. 107, 112 (1960)." (Cal. Law Revision Com. com., 18A West's Ann. Code Civ. Proc. (2002 supp.) foll. § 1030, p. 63.)

For another thing, Lovell's claim that Yao has the option of refusing to post the undertaking and then appealing from the trial court's dismissal of her cross-complaint is not persuasive. The complaint and cross-complaint arise out of the same transaction(s). Judicial economy suggests the two pleadings should be litigated together. This is particularly true if Yao is correct that her cross-complaint is compulsory so that if she failed to file it, she would be barred from subsequently pursuing its claims. (See § 426.30.)

## DISCUSSION

Section 1030, subdivision (a) provides, in pertinent part: "When the plaintiff in an action . . . resides out of the state, . . . the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action . . . ." Subdivision (b) explains the "motion shall be made on the grounds that the plaintiff resides out of the state . . . and that there is a reasonable possibility that the moving defendant will obtain judgment in the action . . . ."

■ The purpose of the statute is to enable a California resident sued by an out-of-state resident " 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.' " (*Shannon v. Sims Service Center, Inc.* (1985) 164 Cal.App.3d 907, 913 [210 Cal.Rptr. 861], quoting from Recommendation Relating to Security for Costs (Oct. 1978) 14 Cal. Law Revision Com. Rep. (1978) p. 323.) The statute therefore acts to prevent out-of-state residents from filing frivolous lawsuits against California residents. (See also *Gonzales v. Fox* (1977) 68 Cal.App.3d Supp. 16, 18 [137 Cal.Rptr. 312].)[3] The statute violates neither federal nor state due process guarantees because the "statutory hearing procedure is the one usually prescribed for pretrial motions, that is, the opportunity to present declarations and other documentary evidence, the opportunity for both counsel to be present, and the opportunity to be heard." (*Shannon, supra,* 164 Cal.App.3d at p. 913.)

■ The only issue in this writ proceeding is whether section 1030 applies to a nonresident cross-complainant. In other words, if a California resident (e.g., Lovell) sues an out-of-state defendant (e.g., Yao) and the defendant responds, in part, by filing a cross-complaint against the plaintiff, can the plaintiff move the court to require the defendant/cross-complainant to post security in order to prosecute the cross-complaint? We conclude the answer is "no" for two reasons. The first is that section 1030 unambiguously refers only to a "plaintiff"; when the Legislature intends for a specific statutory provision to apply to both a plaintiff and cross-complainant, it expressly indicates that intent. The second is that to construe the statute to

---

In any event, our issuance of the alternative writ constitutes a determination the remedy at law is inadequate. (See, e.g., *Hoversten v. Superior Court* (1999) 74 Cal.App.4th 636, 644 [88 Cal.Rptr.2d 197] and cases cited therein.)

[3]*Gonzales* found an earlier version of section 1030 to be unconstitutional because it failed to "provide a meaningful pretaking hearing" allowing inquiry into all the pertinent issues. (*Gonzales v. Fox, supra,* 68 Cal.App.3d at p. Supp. 18.) Thereafter, the Legislature enacted what is essentially the present version of section 1030. Nonetheless, the *Gonzales* court's observations about statutory intent remain apposite.

include an out-of-state cross-complainant would not promote the policy served by the statute. We explain.

To begin, it is highly significant that section 1030 refers only to an out-of-state plaintiff but makes no similar reference to an out-of-state cross-complainant. This is in marked contrast to many other statutes that reference both a plaintiff and a cross-complainant. Such a dual reference clearly demonstrates a legislative intent to have the specific statutory provision apply both to a plaintiff and a cross-complainant. (See, e.g., §§ 386, subd. (c) ["plaintiff or cross-complainant" deposit in court amount subject to interpleader action], 389, subd. (b) [trial court should consider "whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder"], 403.020, subd. (a) [stating who pays the additional fee "[i]f a plaintiff, cross-complainant, or petitioner files an amended complaint or other amended initial pleading that changes the jurisdictional classification from limited to unlimited"], 411.35, subd. (a) [requirement that "the attorney for the plaintiff or cross-complainant" shall file the required certificate in designated professional malpractice actions], 430.10 [a demurrer or answer may be filed by "[t]he party against whom a complaint or cross-complaint has been filed"], and 1031, subd. (c) ["in any judgment recovered by the plaintiff or cross-complainant" for wages for labor performed, attorney fees can be recovered as costs if certain conditions met].) Section 1030, on the other hand, contains no similar reference to a cross-complainant.

In another group of statutes, there is an express statement that a plaintiff includes a cross-complainant and a complaint includes a cross-complaint. That is, in certain situations when the Legislature intends for a particular statutory provision to apply to both plaintiffs and cross-complainants, it explicitly indicates the words are being used interchangeably. (See, e.g., §§ 425.16, subd. (h) [SLAPP statute], 426.10, subds. (a) & (b) [compulsory cross-complaints], 481.180 [attachment actions], 1032 [in defining a "prevailing party", "plaintiff" includes a cross-complainant].) Such a direction is lacking in section 1030. Nothing in the statute states that a plaintiff includes a cross-complainant.

In sum, the Legislature clearly knows how to indicate when it wants a statutory provision to apply to both a plaintiff and a cross-complainant. It also clearly knows how to indicate that a reference to "plaintiff" must be construed as including a cross-complainant. The Legislature chose not to adopt either option in this case. We therefore decline plaintiff's invitation to

rewrite section 1030 to provide that "plaintiff" includes cross-complainant.[4]

"Where the Legislature makes express statutory distinctions, we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. This concept merely restates another statutory construction canon: *we presume the Legislature intended everything in a statutory scheme, and we should not read statutes to* omit expressed language or *include omitted language*. As our Supreme Court stated, 'we are aware of no authority that supports the notion of legislation by accident.' [Citation.]" (*Jurcoane v. Superior Court* (2001) 93 Cal.App.4th 886, 894 [113 Cal.Rptr.2d 483], italics added.)

Lovell's argument to the contrary is not persuasive. He argues: "Section 1030 does not directly equate the term 'plaintiff' with 'cross-complainant' because this is a foregone conclusion that has been previously litigated and rests in common sense." The cases he cites are inapposite because none involved an interpretation of section 1030. (See, e.g., *Skaff v. Small Claims Court* (1968) 68 Cal.2d 76 [65 Cal.Rptr. 65, 435 P.2d 825] [interpreting former § 117j, which denied the right of appeal to a small claims court plaintiff, not to bar an appeal by a plaintiff from an adverse decision on a cross-complaint filed against it in small claims court because in that context the plaintiff has become a defendant]; *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1218 [73 Cal.Rptr.2d 288] [citing the statutory definition of "plaintiff" in the vexatious litigant statute]; *Ohio Casualty Ins. Group v. Superior Court* (1994) 30 Cal.App.4th 444, 448-451 [35 Cal.Rptr.2d 771] [interpreting the word "plaintiff" in § 394, a change of venue statute, in light of judicial interpretations of a related venue statute]; *Eveleth v. American Brass & Iron Foundry* (1962) 203 Cal.App.2d 41, 46-47 [21 Cal.Rptr. 95] [interpreting "plaintiff" and "defendant" in § 396, a change of venue statute, to include cross-complainants and cross-defendants].)

Because a "case is not authority for an issue not raised by its facts" (*Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1230 [254 Cal.Rptr. 410]), these authorities simply do not support Lovell's argument.

Lastly, Lovell's reliance upon "common sense" to support his argument fails. Common sense, in fact, supports the contrary conclusion. The purpose of section 1030 is to protect California residents who are sued by out-of-state plaintiffs when there is no reasonable possibility the out-of-state plaintiff will prevail. The section protects California residents by

---

[4]Because we conclude the statute does not include a cross-complainant within its reach, we need not address Yao's contention that a contrary construction would be unconstitutional. "Constitutional issues will be resolved only if absolutely necessary and not if the case can be decided on any other ground. [Citation.]" (*Community Redevelopment Agency v. Force Electronics* (1997) 55 Cal.App.4th 622, 630 [64 Cal.Rptr.2d 209].)

requiring the out-of-state plaintiff to post security to ensure payment of costs and attorney fees (if recoverable) in the likely event the plaintiff's action is defeated. (*Shannon v. Sims Service Center, Inc., supra,* 164 Cal.App.3d 907, 913.) This purpose is attenuated when, as here, a California resident has initiated a lawsuit against an out-of-state defendant and that defendant has responded, in part, by filing a cross-complaint. In that circumstance, requiring the posting of security by an out-of-state defendant does not further the statute's salutary goal.

## DISPOSITION

The alternative writ, having served its purpose, is discharged. Let a peremptory writ of mandate issue compelling respondent court to set aside its March 14, 2002 order granting real party in interest Brian Lovell's motion to require petitioner Ruby Yao to post security in order to prosecute her cross-complaint and to enter a new and different order denying that motion. Our April 2, 2002 order staying enforcement of the March 14, 2002 order is to remain in effect until the remittitur issues. Petitioner Yao is to recover her costs in this writ proceeding. (Cal. Rules of Court, rule 56.4(a).)

Hastings, J., and Curry, J., concurred.