## A. FARBER AND PARTNERS, INC.

v.

## Maynard Hal GARBER, et al.

## No. CV 05–2776–JFW(RCX).

United States District Court, C.D. California.

Feb. 15, 2006.

**1144**

Gary A. Pemberton and Evan W. Granowitz, attorneys-at-law with the firm Shulman Hodges & Bastian, Foothill Ranch, CA, for the plaintiff.

James D. Henderson, Jr., attorney-at-law, Santa Monica, CA, and Thomas J.

Weiss and Hyrum K. Hunt, attorneys-at-law with the Law Offices of Thomas J. Weiss, Los Angeles, CA, for Defendant.

CHAPMAN, United States Magistrate Judge.

## PROCEEDINGS: ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SECURITY FOR COSTS

On January 20, 2006, defendants Maynard "Chuck" Garber, the Chuck Garber 2003 Trust, Armi Garber, Daniel Garber and Jose Ricardo Rojas, CDG Partners LLC and MCG Properties LLC (collectively "Garber defendants") filed a notice of motion and motion for security for costs, a supporting memorandum of points and authorities, and the supporting declaration of their counsel Thomas J. Weiss, with exhibits, including a declaration by co-counsel James D. Henderson.[1] On January 30, 2006, plaintiff filed its memorandum of points and authorities in opposition to Garber defendants' motion, the opposing declarations of Jonathan Cooperman and Gary A. Pemberton, with exhibits, and evidentiary objections to the declarations of Weiss and Henderson. Garber defendants did not timely file a reply.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on February 15, 2006. Ronald S. Hodges and Gary A. Pemberton, attorneys-at-law with the firm Shulman Hodges & Bastian, appeared on behalf of plaintiff and Thomas J. Weiss and Hyrum K. Hunt, attorneys-at-law, and James D. Henderson, Jr., attorney-at-law, appeared on behalf of Garber defendants.

1. It is unclear from the declaration of James D. Henderson whether it is James D. Henderson, Sr., or James D. Henderson, Jr., who is the declarant. In the future, any dec-

laration filed by either Mr. Henderson should clearly state whether the declarant is the Senior or Junior Henderson.

## BACKGROUND

On April 15, 2005, plaintiff A. Farber & Partners, Inc., in its capacity as Canadian court-appointed interim receiver over the assets of Salim Damji, Shaffin Damji, Hanif Damji, and certain business entities sued multiple defendants, including Garber defendants, claiming, inter alia, civil RICO violations under 18 U.S.C. § 1962(a)-(d), unjust enrichment, fraud and concealment, civil conspiracy, conversion, and unfair competition under state law. On the same date, plaintiff filed an ex parte application for a temporary restraining order to freeze Garber defendants' assets, to preserve business records and to expedite discovery and for an order to show cause re preliminary injunction, which District Judge John F. Walter denied.[2]

Thereafter, plaintiff filed a first amended complaint, to which Garber defendants filed a motion to dismiss under Fed. R.Civ.P. 12(b)(1) and 12(b)(6). On July 21, 2005, Judge Walter denied Garber defendants' motion to dismiss. In denying Garber defendants' motion to dismiss, Judge Walter found the Court "has subject matter jurisdiction over this action[,] ... Plaintiff has adequately plead its claims for relief, and that the issues raised by Defendants are more appropriately resolved in a motion for summary judgment." Thereafter, Garber defendants filed an answer to the first amended complaint. Plaintiff subsequently filed a second amended complaint.

On September 23, 2005, plaintiff filed a third amended complaint ("TAC"), which is now pending. On December 9, 2005, Garber defendants answered the third amended complaint and raised several affirmative defenses. In the third amended complaint, plaintiff again raises civil RICO claims under 18 U.S.C. § 1962(a)-(d) and

claims for unjust enrichment, fraud and concealment, civil conspiracy, conversion, to set aside or annul fraudulent transfers, imposition of a constructive trust, unfair competition under California Business & Professions Code §§ 17200 et seq., an accounting and declaratory and injunctive relief. Discovery between the parties has commenced.

## DISCUSSION

■ "There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet East Assocs. v. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir.1994) (citing *In re Merrill Lynch Relocation Mgmt., Inc.,* 812 F.2d 1116, 1121 (9th Cir.1987)). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Id.* (internal quotation marks and citation omitted).

■ Although Garber defendants cite California Code of Civil Procedure ("C.C.P.") § 1030 as the statute supporting their motion, that may not be so since the pending action is based on federal question jurisdiction, rather than diversity of citizenship jurisdiction. *See Simulnet East Assocs.,* 37 F.3d at 573; *In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d at 1119; *Aggarwal v. Ponce Sch. of Medicine,* 745 F.2d 723, 724 (1st Cir.1984). Nevertheless, for purposes of this motion, the Court will assume *arguendo* that it is appropriate to refer to C.C.P. § 1030 for guidance regarding Garber defendants'

---

**2.** In denying plaintiff's ex parte application for a temporary restraining order, Judge Walter noted that "[i]f Plaintiff wishes to pursue its request for a preliminary injunction, it shall do so by regularly noticed motion."

motion for plaintiff to provide security for costs. Under C.C.P. Section 1030:

(a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

(b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. The motion shall be accompanied by an affidavit in support of the grounds for the motion and by a memorandum of points and authorities. The affidavit shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding.

C.C.P. § 1030(a), (b) (West 2006).

■ In addition to following the forum state's practice, the Court should balance several factors in assessing the propriety of requiring a plaintiff to post security for costs, including whether the litigation has "the appearance of vexatiousness" and:

(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective.

*Simulnet East Assocs.*, 37 F.3d at 575–76 (quoting *Aggarwal*, 745 F.2d at 727–28).

Considering the factors in C.C.P. § 1030, it is indisputable, here, that plaintiff "is a resident of Ontario, Canada, and is the court-appointed Interim Receiver over, *inter alia*, the assets, property and undertakings of the defendants in a class action proceeding filed in the Superior Court of Justice (Commercial Court) in the province of Ontario, Canada, bearing Ontario Court File no. 02–C1–4519...." TAC, ¶ 4. Thus, "[t]he first requirement of [C.C.P.] § 1030 ... is satisfied. ... Therefore, the court turns to the second element under [C.C.P.] section 1030(b), which requires defendants to show a 'reasonable possibility' they will obtain judgment in their favor." *Ismart Int'l Ltd. v. I–Docsecure, LLC,* 2005 WL 588607, \*9 (N.D.Cal.).[3]

■ To support their claim that there is a "reasonable possibility" they will obtain judgment in this action, Garber defendants rely on plaintiff's failure to obtain a temporary restraining order, argue the "unclean hands" affirmative defense raised with their answer, and discuss defendant Chuck Garber's taking and passing a polygraph. However, none of these arguments or purported facts meets their burden. First, no reasonable inference regarding the merits of Garber defendants' case can be drawn from plaintiff's failure to obtain a tempo-

---

**3.** "Although California cases have not provided a definition of 'reasonable possibility,' this burden has previously been satisfied by evidence of a favorable arbitration award, or a favorable arbitration decision coupled with evidence tending to support the arbitrator's position." *Id.* (citing *Baltayan v. Estate of Getemyan,* 90 Cal.App.4th 1427, 1432, 110 Cal.Rptr.2d 72 (2001); *Shannon v. Sims Service Center, Inc.,* 164 Cal.App.3d 907, 914, 210 Cal.Rptr. 861 (1985)).

rary restraining order on an ex parte basis. *See, e.g., University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981) ("[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."); *Beverage Distrib., Inc. v. Olympia Brewing Co.,* 395 F.2d 850 (9th Cir.1968) (per curiam) (temporary injunction does not necessarily reflect what ultimate disposition of case will be); *Baltimore & Ohio Chicago Terminal R. Co. v. Soo Line R. Co.,* 646 F.Supp. 327, 332 (N.D.Ill.1986) ("It should be obvious that a factual finding in an ex parte TRO is not binding on the defendants to that action...."); Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* § 13:99 (2004 rev.) ("Even if the TRO application is otherwise meritorious, it may be denied simply on the ground that adequate efforts were not made to notify the opposing side, or that there is no justifiable reason for issuing the TRO without notice."). Second, plaintiff survived a motion to dismiss its first amended complaint under Rule 12(b)(1) and (b)(6), and that complaint was substantially similar to the third amended complaint, which is now pending and which Garber defendants have answered. Thus, it is clear plaintiff has not acted vexatiously in bringing this litigation. Third, this is not a case where an arbitrator has previously ruled in favor of Garber defendants. *Ismart Int'l Ltd.,* 2005 WL 588607 at *9. Fourth, although Garber defendants argue that, with regard to plaintiff's pendant state law claims, "plaintiff stands in the shoes of Damji, who ... could not maintain the present action against Garber by

reason of [Damji's] unclean hands in the transaction[,]" Plaintiff's Memorandum of Points and Authorities at 3:9–4:10, under California law, "defenses based on a party's unclean hands or inequitable conduct do not generally apply against that party's receiver." *Federal Deposit Ins. Corp. v. O'Melveny & Myers,* 61 F.3d 17, 19 (9th Cir.1995) (per curiam); *Camerer v. Cal. Sav. & Commercial Bank of San Diego,* 4 Cal.2d 159, 170–71, 48 P.2d 39 (1935) (per curiam).[4] Finally, and perhaps most importantly, Garber defendants have presented absolutely no competent evidence showing a "reasonable possibility" they will obtain judgment in this action.

Through the declaration of their counsel, James D. Henderson, executed on June 29, 2005, in support of their motion to dismiss, Garber defendants unsuccessfully attempt to establish that defendant Chuck Garber took and passed a polygraph. Specifically, Henderson states in his declaration that he advised defendant Chuck Garber "to submit to a polygraph examination to be administered by Jack Trimarco, the former lead forensic polygraph examiner for the Federal Bureau of Investigation." Henderson Decl., ¶ 2. Henderson then repeats what Trimarco stated in a letter to him regarding questions asked and answers given in the polygraph, and attempts to incorporate Trimarco's letter and resume into his declaration. *Id.* In turn, Henderson's declaration is incorporated into a declaration by Garber defendants' co-counsel, Thomas J. Weiss. Weiss Decl., ¶ 12. However, plaintiff has filed evidentiary objections to portions of the declarations by both Weiss and Henderson, and the Court finds those ob-

---

4. At oral argument, defendant Garber contended, without citing any authority, that plaintiff is not a "receiver" of the sort recognized under California or state law. There is no merit to this claim. *See, e.g., BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil,* 20 F.Supp.2d 1, 4 (D.D.C.1997); *Mentink v. World Time Corp.,* 131 F.R.D. 210, 211 (S.D.Fla.1990); *Clarkson Co. Ltd. v. Rockwell Int'l Corp.,* 441 F.Supp. 792 796 (N.D.Cal. 1977).

jections are well-taken and should be sustained. Specifically, the Court sustains plaintiff's objections to, and strikes, the following: Weiss declaration, paragraph 12, lines 12–14, commencing after the word "Henderson," on hearsay grounds, Fed. R.Evid. 801, 802; Henderson declaration, paragraph 2, lines 11–15, commencing with the word "According" and ending with the word "monies," on hearsay grounds, Fed. R.Evid. 801, 802; Henderson declaration, paragraph 4, lines 26–27, commencing with the word "I," on lack of personal knowledge grounds, Fed.R.Evid. 602; and Henderson declaration, paragraph 4, Exhibit A, on lack of proper foundation grounds, Fed.R.Evid. 702.

█ Apart from failing to present any competent evidence here establishing that defendant Chuck Garber passed a polygraph, it is not at all clear that such evidence would be admitted at trial in this action. Since the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), district courts have "wide discretion in refusing to admit [polygraph] testimony." *United States v. Benavidez–Benavidez,* 217 F.3d 720, 724–25 (9th Cir.) (internal quotation marks omitted), *cert. denied,* 531 U.S. 903, 121 S.Ct. 242, 148 L.Ed.2d 174 (2000). In fact, in the Ninth Circuit, "district courts are free to reject the admission of polygraph evidence on the basis of any applicable rule of evidence without analyzing all other potential bases of exclusion. Thus, for example, an exclusion based solely on Rule 403[5] affords [a reviewing court] 'ample opportunity for reaffirming the trial court.' " *Id.* (footnote added) (citing *United States v. Cordoba,* 194 F.3d 1053, 1064 (9th Cir. 1999), *cert. denied,* 529 U.S. 1081, 120 S.Ct.

1704, 146 L.Ed.2d 508 (2000)). "In short, although a district court may conduct a Rule 702, 403 or 704(b) examination, it is not required to undertake each of those inquiries before denying admission of the evidence." *Id.* at 725. Moreover, even if defendant Chuck Garber's polygraph results were to be admitted into evidence at trial, they merely go to defendant Garber's credibility—undoubtedly only one factor in determining the merits of this action. Thus, even if this Court had not sustained plaintiff's objections to portions of the declarations of Weiss and Henderson, and had not stricken Exhibit A to the Henderson declaration, Garber defendants still would not have met their burden to show a "reasonable possibility" they will obtain judgment in this action.

For the reasons discussed above,

[a]t this early stage of the trial proceedings, the court cannot conclude that ... defendants have a reasonable possibility of obtaining a judgment on the merits because defendants have not argued or offered evidence to substantially refute [plaintiff's] claims. ... At this stage, [Garber defendants'] burden [to prove a reasonable possibility they will obtain a judgment] has not been satisfied. Accordingly, the court need not consider the *Simulnet* balancing factors. [fn8]

[fn8] The court notes, however, that the first *Simulnet* factor, "the probability/improbability of success on the merits and the background and purpose of the suit," is similar to the second factor under California Civil [Procedure] Code section 1030. In addition to requiring a showing of a defendant's likelihood of success on the merits, it permits the court to

---

5. Rule 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

consider the background of the suit, including the procedural history.... *Ismart Int'l Ltd.,* 2005 WL 588607 at *9 (footnote and citations omitted).

### ORDER

Defendants' motion for security for costs is denied without prejudice.